UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**SEVERIANO GONZALES DELGADO**            **CIVIL ACTION**

**VERSUS**            **NO. 22-3104**

**DEPARTMENT OF HOMELAND**            **SECTION I**
**SECURITY AND IMMIGRATION**
**AND CUSTOMS ENFORCEMENT**

## ORDER & REASONS

Before the Court is a petition[1] by Severiano Gonzales Delgado ("Delgado") seeking relief from a federal conviction in the Northern District of Alabama.[2] The petition states that Delgado is currently "serving a state sentence, with a future federal sentence to serve."[3] The petition indicates that Delgado is currently incarcerated in a state facility in Alabama.[4]

It is not clear whether Delgado is seeking relief pursuant to 28 U.S.C. § 2241, 28 U.S.C. § 2255, or both.[5] This Court lacks jurisdiction to provide relief pursuant to either statute, and will therefore dismiss Delgado's petition.

Section 2241 authorizes district courts to grant habeas corpus relief "within

---

[1] R. Doc. No. 6.
[2] *Id.* at 2 (listing a case in the United States District Court for the Northern District of Alabama as "the decision or action [Delgado is] challenging")
[3] *Id.* at 1.
[4] *Id.* (listing "Limestone Corrections, Alabama Department of Corrections" under "place of confinement")
[5] The form petition is labeled "Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241," and Delgado has also filled out the section labeled "Motion Under 28 U.S.C. § 2255." He further states that he wants the Court to "vacate [his] firearm convictions and order [him] deported from the United States." *Id.* at 8.

their respective jurisdictions." 28 U.S.C. 2241(a). "[T]he district of incarceration is the only district that has jurisdiction to entertain a defendant's § 2241 petition." *Lee v. Wetzel*, 244 F.3d 370, 373 (5th Cir. 2001). Because Delgado is not incarcerated within the Eastern District of Louisiana, this Court lacks jurisdiction over his § 2241 petition.

Section 2255 allows an incarcerated person to challenge the validity of their sentence by "mov[ing] the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255(a). "A section 2255 motion must be filed in the sentencing court." *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000); *accord Ojo v. Immigr. & Naturalization Serv.*, 106 F.3d 680, 683 (5th Cir. 1997) ("[T]he only court with jurisdiction to hear [petitioner's § 2255 claims] is the court that sentenced him[.]"). This Court did not impose either of Delgado's sentences. This Court therefore lacks jurisdiction over his § 2255 petition. Accordingly,

**IT IS ORDERED** that the petition is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, October 11, 2022.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**